IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICIA WOLTERSDORF,            )
    PLAINTIFF,                   )
VS.                              )   CV-03-H-2820-S
PENTAGON FEDERAL CREDIT UNION,   )
    DEFENDANT.                   )

FILED 04 MAR 12 AM 11:40 U.S. [DISTRICT C]OURT N.D. OF ALABAMA

ENTERED MAR 12 2004

MEMORANDUM OF DECISION AND ORDER

The court has before it the October 23, 2003 motion of Pentagon Federal Credit Union ("PFCU") to dismiss Counts One, Two, and Six of the Complaint in their entirety, as well as portions of Count Three of plaintiff's amended complaint under Rule 12(b)(6), Fed. R. Civ. P. Defendant alternatively moves the court to dismiss these same Counts under Rule 12(c), Fed. R. Civ. P., to the extent the court concludes that a 12(b)(6) motion is improper due to its determination that defendant has previously answered such allegations of plaintiff's complaint. The court stated in its November 3, 2003 order that the motion would be viewed as a motion for judgment on the pleadings. Defendant submitted a brief in support of its motion on November 19, 2003. Plaintiff submitted a brief in opposition to defendant's motion on December 15, 2003. The motion was taken under submission as of that same date.

I.  **Background**

Plaintiff originally filed this action in Jefferson County Circuit Court on October 18, 2002. (See Exh. 1 to Def.'s Notice of Removal [Doc. #1], hereinafter "Compl.") Defendant timely answered plaintiff's initial complaint in Jefferson County on December 2, 2002. (Exh. 3 to Doc. #1.) That original complaint contained only state law claims. (See Compl.) The suit was then transferred, on defendant's motion, to Shelby County Circuit Court on February 14, 2003. (See Exh. 8 to Def.'s Notice of Removal.) Following the transfer to Shelby County, plaintiff filed an amended complaint on September 25, 2003 that, for the first time, asserted federal law claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (1994 & Supp. II 1996). (See Exh. 31 to Def.'s Notice of Removal, hereinafter "Amend. Compl.") On October 16, 2003, the defendant, asserting both federal question and diversity jurisdiction, removed the case to this court.

The pleadings reflect that this case arises from plaintiff's allegations that PFCU issued a credit card in plaintiff's name without plaintiff's authorization. (Compl. at ¶ 5.) The account became delinquent. (Id.) Plaintiff further alleges that PFCU had knowledge that she had disputed the account. (Id. at ¶ 8.) Plaintiff then alleges, generally, that PFCU proceeded to report the delinquency of the account to consumer credit reporting

agencies. (Id. at ¶ 5.) These alleged acts form the basis of plaintiff's state law claims of "Placed in False Light" (Compl. Count One); "Defamation, Liable [sic] and Slander" (Compl. Count Two); "Reckless and Wanton Conduct" (Compl. & Amend. Compl. Count Three) arising out of the extension of credit, failure to adopt protective policies regarding its communications, and failure to train employees on procedures regarding communication of consumer credit information; "Reckless and Wanton Training and Supervision Related to the FCRA." (Amend. Compl. Count Six.). Additionally, the alleged acts are the basis of plaintiff's two federal law claims articulated in Count Four and Count Five of the amended complaint, both of which allege violations of the FCRA, § 1681s-2(b). (Amend. Compl. Counts Four, Five.)

## II.  Judgment on the Pleadings Standard

Judgment on the pleadings is appropriate where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). The court may grant either a motion to dismiss or a motion for judgment on the pleadings only where it is beyond doubt that the non-movant can prove no facts that would support his claim for relief. Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir.) cert. denied 506 U.S. 907 (1992).

## III. Discussion

The salient issue before the court is whether the FCRA preempts plaintiff's state law claims that relate to PFCU's responsibilities as a furnisher of information to consumer credit reporting agencies. Two subsections of the FCRA are relevant to this question. First, the older subsection, § 1681h(e), provides furnishers of credit information with qualified immunity from "any action or proceeding in the nature of defamation, invasion of privacy, or negligence ..."[1] Second, the newer subsection, § 1681t(b)(1),[2] provides furnishers of credit with absolute

---

[1] Section 1681h(e) provides in full:

**(e) Limitation of liability**

Except as provided in sections 1681n and 1681o, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against who the user has taken adverse action, based in whole or in part on the report except as to <u>false information furnished with malice or willful intent to injure such consumer</u>.

15 U.S.C. § 1681h(e).

[2] 15 § 1681t provides in relevant part:

**(a) In general**

Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, <u>except to the extent those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistentcy</u>.

**(b) General Exceptions**

(continued...)

4

immunity from state law claims when fulfilling their reporting obligations under § 1681s-2.[3]  Section 1681t(b)(1)(F) was added to the FCRA by Congress in a 1996 amendment.[4]  This newer language provides limits on state law liability that are both

---

[2](...continued)
   *No requirement or prohibition may be imposed under the law of any State* –

   **(1)** with respect to any subject matter regulated here under

   * * *

   **(F)** section 1681s-2 of this title, *relating to the responsibilities of persons who furnish information to consumer reporting agencies*, except that this paragraph shall not apply [to two statutory provisions of California and Massachusetts].

15 U.S.C. § 1681t (emphasis added).

[3] PFCU's duties in the context of plaintiff's claims arise under 15 § 1681s-2:

   **(b) Duties of furnishers of information upon notice of dispute**

   **(1) In general**

   After receiving notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

   **(A)** conduct an investigation with respect to the disputed information;
   **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
   **(C)** report the results of the investigation to the consumer reporting agency; and
   **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2.

[4] That amendment made no mention whatsoever of the earlier § 1681h(e) language.

5

broader and more narrow than the older § 1681h(e) language.

The newer § 1681t(b)(1)(F) is broader than the older § 1681h(e) in that it preempts <u>all</u> state law claims that may arise from a person's furnishing of credit information to a consumer reporting agency, whereas 1681h(e) only preempts state law claims "in the nature of defamation, invasion of privacy, or negligence" to the extent that such claims do not result from willful or malicious conduct.  But the newer § 1681t(b)(1)(F) is also more narrow than the older § 1681h(e) in that the protections of the newer § 1681t(b)(1)(F) are not triggered until <u>after</u> a furnisher is notified <u>by a consumer reporting agency</u> of a consumer's dispute, whereas the older § 1681h(e) protections are available at all times.  <u>See</u> <u>infra</u> at n. 1-3.  In other words, the protection of § 1681t(b)(1)(F) is limited by § 1681s-2(b)(1) which sets forth the duties of a furnisher of credit information. This cumbersome overlap of the newer § 1681t(b)(1)(F) and the older § 1681h(e) has resulted in disagreement among courts about how best to harmonize the two in application.  <u>Riley v. Gen. Motors Acceptance Corp.</u>, 226 F.Supp. 2d 1316, 1324 (S.D. Ala. 2002) (discussing the various approaches to analyzing the two provisions).

The courts that have wrestled with the issue at bar have reached differing results.  Some have concluded, as defendant urges this court to conclude, that there is complete preemption

6

of state law claims. In other words, these courts hold that the newer language (§ 1681t(b)(1)(F)) supercedes the older (§ 1681h(e)) altogether, and thus all state law causes of action relating to the duties of persons who furnish information to consumer credit reporting agencies are preempted by the newer § 1681t(b)(1)(F). See, e.g., Purcell v. Universal Bank, N.A., 2003 WL 1962376, *5 (E.D. Pa. April 28, 2003); Hasvold v. First USA Bank, N.A., 194 F.Supp. 2d 1228, 1239 (D. Wyo. 2002); Jaramillo v. Experian Info. Solutions, Inc., 155 F.Supp. 2d 356, 361-62 (E.D. Pa. 2001); Carney v. Experian Info. Solutions, Inc., 57 F.Supp. 2d 496, 503 (W.D. Tenn. 1999). According to these courts, no state law tort claims relating to the furnishing of information to a consumer reporting agency are ever permissible, regardless of whether the claims involve conduct before or after the furnisher of information received notice of a dispute from a consumer reporting agency.

Other courts have held that the newer § 1681t(b)(1)(F) preemption provision is more limited in scope. Relying on the plain language of the statute,[5] these courts hold that state law

---

[5] Specifically, these courts can look to the provision of the statute stating that private enforceable duties of furnishers do not arise until "[a]fter [the furnisher] receives notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1) (emphasis added); see also 15 U.S.C. § 1681i(a)(2) (identifying consumer reporting agencies as the only party from whom the
(continued...)

7

tort claims are preempted by the newer § 1681t(b)(1)(F) <u>only</u> if they involve conduct by the furnisher of credit information <u>after</u> that furnisher was made aware that the information was false or disputed <u>by a consumer reporting agency</u>.[6] See, e.g., <u>Stafford v. Cross Country Bank</u>, 262 F.Supp. 2d 776 (W.D. Ky. 2003); <u>Alkaqi v. NationsCredit Fin. Serv. Corp.</u>, 196 F.Supp. 2d 1186, 1194-95 (D. Ks. 2002); <u>see also</u> <u>Riley</u>, 226 F.Supp. 2d at 1324.

This court notes with particular interest that among appellate courts only the Fifth Circuit has spoken, albeit indirectly, to the question of the relationship of state law claims to the protections provided providers of credit information under the FCRA. See <u>Young v. Equifax Credit Info. Serv., Inc.</u>, 294 F.3d 631, 638-640 (5th Cir. 2002) (giving effect to the qualified protections of the older § 1681h(e) while recognizing the notice required to trigger the duties of § 1681s-2(b)).

The courts that have found complete preemption of state law

---

[5](...continued)
furnisher must receive notice of the dispute.)

[6] The complexity of the statute is magnified by a number of moving parts. Specifically, § 1681t(b)(1)(F) refers to the duties imposed by § 1681s-2(b) which in turn are triggered by events described in § 1681i(2). Translated into english, that means that under the newer provision <u>all</u> state law claims are preempted (<u>see</u> § 1681t(b)(1)(F)) when they involve <u>conduct related to the reporting of information to a consumer reporting agency</u> (<u>see</u> § 1681s-2(b)) only <u>after</u> the person has been notified of a dispute <u>by a consumer reporting agency</u> (<u>see</u> § 1681i(2)).

8

claims have done so by concluding that the 1996 amendment to the FCRA superceded the liability limitation provisions that already existed in the statute at § 1681h(e). <u>See</u>, <u>e.g.</u>, <u>Jaramillo</u>, 155 F.Supp. 2d at 361-62. However, nothing in the 1996 amendment compels such a conclusion. And to imply Congress's intent to repeal a previously existing provision in the statute without a clear statement in the amendment to that effect[7] is an unwieldy act of legislation that this court ought not and will not undertake. <u>See</u> <u>TRW Inc. v. Andrews</u>, 534 U.S. 19, 31 (2001).[8]

For this court to adopt the defendant's position that passage of the 1996 amendment to the FCRA implicitly superceded (without explicitly repealing) § 1681h(e) it would have to do precisely what the United States Supreme Court has instructed not be done: to cause § 1681h(e) to become nothing more than superfluous to the statute. A reading of the plain language of the statute demonstrates that the two provisions can (and perhaps were intended to) coexist.

As noted above, both § 1681t(b)(1)(F) and § 1681h(e) limit liability arising out of the reporting of credit information. 15

---

[7] This is especially true where, as here, such a statement could have been so easily made.

[8] The Supreme Court stated in <u>TRW</u> that "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." 534 U.S. at 31 quoting <u>Duncan v. Walker</u>, 533 U.S. 167, 174 (2001)(internal quotation marks omitted).

U.S.C. §§ 1681h(e), 1681t(b)(1)(F); <u>see also</u> 15 U.S.C. § 1681s-2. But, the absolute bar of the newer § 1681t(b)(1)(F) applies only <u>after</u> a <u>consumer reporting agency</u> notifies the furnisher of credit information of a consumer dispute. <u>See</u> 15 U.S.C. § 1681s-2(b)(1); <u>see also</u> 15 U.S.C. § 1681i(a)(2). The more limited liability restrictions of the older § 1681h(e) apply both before and after a consumer reporting agency notifies a furnisher of information about a consumer dispute. 15 U.S.C. § 1681h(e).

A practical example may shed some light on the mechanics of the court's interpretation of the statute. In this example, Visa will serve as the furnisher of information and Equifax will serve as the consumer reporting agency. Chris will be our consumer. Chris is surprised to receive in the mail a delinquency notice from Visa stating that she has a Visa credit card account with an overdue balance of $1,000.00. Chris contacts Visa. She notifies Visa that she never authorized the account nor the charges on it. And Equifax has <u>not</u> notified Visa of any dispute. At this point, under this court's interpretation of the statutory scheme, Visa has not yet come under the preemption protections of the newer § 1681t(b)(1)(F). Chris's possible claims (of defamation, invasion of privacy, or negligence with respect to the reporting of information) against Visa are barred unless Chris can show that Visa wilfully or maliciously furnished Equifax with false information regarding the account in Chris's name. Blissfully

unaware of her potential legal claims, Chris next calls Equifax and obtains a credit report reflecting the $1000.00 overdue balance on the Visa credit card issued in her name.  Chris calls Equifax back and disputes the $1000.00 overdue Visa balance. Equifax then notifies Visa of Chris's dispute.  Under the statute, at this point, and only at this point, are the absolute preemption of state law claim protections of the newer § 1681t(b)(1)(F) triggered.

The court finds wholly unpersuasive those decisions which hold the newer § 1681t(b)(1)(F) to implicitly supercede the older § 1681h(e) and to completely preempt all state law claims regarding the responsibilities of individuals furnishing credit information to consumer reporting agencies.  See Branch v. Smith, 538 U.S. 254, 273 (2003)(holding that where it is possible for the court to do so, it must give equal effect to what, at first blush, appear to be conflicting provisions of a given statute). Accordingly, since it is possible for the court to do so, both § 1681h(e) and § 1681t(b)(1)(F) must be given equal effect.  In order to give both subsections effect, the court must determine if and, more importantly, when the complete preemption of state law claims under the newer § 1681t(b)(1)(F) is alleged in the complaint to have been triggered.  See, e.g., Riley 226 F.Supp. 2d at 1325.

Looking to the pleadings, the court is unable to determine

11

which (or if any) level of FCRA immunity applies to defendant's conduct alleged in each of the challenged state law claims. The essential facts necessary for the court to make such a determination are not present in the record. Stated more precisely, given the pleadings, it is not beyond doubt that the plaintiff could prove facts supporting all of her asserted claims for relief.[9]

For the foregoing reasons, defendant's motion viewed as a motion to dismiss and viewed as a motion for judgment on the pleadings is **DENIED**. But should defendant be able to produce uncontroverted evidence that it is protected by the absolute immunity of the newer § 1681t(b)(1)(F) as outlined by the court in this memorandum, then defendant should move forward with a motion for summary judgment.

Additionally, defendant is **DIRECTED** to file an answer to plaintiff's amended complaint by **April 2, 2004**.

DONE this 12th day of March, 2004.

                                                                     _____
                                                                     SENIOR UNITED STATES DISTRICT JUDGE

---

[9] In dismissing all of the plaintiff's state law claims, the court in <u>Riley</u> was careful to point out that because "[t]he instant case only alleges conduct by [defendants] <u>after</u> they received notice from the credit reporting agencies of a discrepancy . . . there is no need for a § 1681h(e) analysis." 226 F.Supp. 2d at 1325. (emphasis in original)(internal citations omitted).